UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JARED WILLIAM KING,

                Appellant,

        -v-                   1:24-CV-567

RACHEL KING,

                Appellee.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                OF COUNSEL:

JARED WILLIAM KING
Appellant, Pro Se
95 Trinity Place, Apt. 414
Albany, NY 12202

MEIER LAW FIRM, PLLC         CHRISTINA W. MEIER, ESQ.
Attorneys for Appellee
10 Utica Avenue
Albany, NY 12110

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I.  INTRODUCTION

This is a bankruptcy appeal filed by Jared William King ("Mr. King" or

appellant").  He is a chapter 13 debtor.  He is proceeding in this appeal, and

in the underlying bankruptcy case, *pro se*.  The appellee is a woman named

Rachel King ("Ms. King" or "appellee").  She is appellant's sister, and she has filed a proof of claim in the bankruptcy case below.

Mr. King and Ms. King are both distributees of the estate of their mother, Patricia King.  And for a time, Mr. King was also the executor of his mother's estate.  But appellant was removed from that role by the Surrogate in March of 2019.  The alleged actions or omissions that led to his removal as executor have also led, directly or indirectly, to him being named as a party in several state-court lawsuits.

Those state-court cases were automatically stayed when Mr. King filed his bankruptcy case.  But U.S. Bankruptcy Judge Robert E. Littlefield, Jr. held a hearing and then entered an Order *sua sponte* lifting the automatic stay as to the state-court matters on February 2, 2024.  Thereafter, Judge Littlefield denied a series of attempts by appellant to re-impose the automatic stay.

Mr. King has appealed.  The motion has been fully briefed and will be considered on the basis of the submissions without oral argument.[1]

## II. <u>LEGAL STANDARD</u>

A federal district court enjoys jurisdiction to entertain appeals from "final judgments, orders, and decrees" issued by a bankruptcy court sitting in the

---

[1]  Mr. King filed a letter, Dkt. No. 14, that has also been considered.  He has also filed a letter stating that he refuses to accept service of the appellee's brief.  Dkt. No. 16.  Because plaintiff's own letter acknowledges that he has received the brief and exhibits, and technical defect in service has been deemed waived.

same judicial district.  28 U.S.C. § 158(a).  "Generally in bankruptcy appeals, the district court reviews the bankruptcy court's factual findings for clear error and its conclusions of law *de novo*."  *In re Charter Commc'n, Inc.*, 691 F.3d 476, 482–83 (2d Cir. 2012).

## III.  <u>DISCUSSION</u>

Upon *de novo* review of the parties' briefing, Judge Littlefield's Order will be affirmed.  First off, as Ms. King points out, Mr. King has technically not appealed from Judge Littlefield's Order lifting the stay.  Instead, appellant's notice of appeal states that it is from later orders entered on April 12, 2024.

At that time, Judge Littlefield deemed Mr. King's motion to continue the automatic stay as moot (since he had already previously lifted the stay) and denied appellant's motion to reconsider.  Thus, this appeal is actually only timely as to those later orders—the clock has already run out for Mr. King to directly challenge Judge Littlefield's first Order lifting the automatic stay.

But even giving appellant the benefit of the doubt in light of his *pro se* status and looking through to Judge Littlefield's underlying Order lifting the stay, Mr. King's appeal is meritless.  Under 11 U.S.C. § 362, the filing of a bankruptcy petition automatically stays, *inter alia*, the continuation of a judicial proceeding against the debtor.  However, a bankruptcy court enjoys discretion to grant relief from the stay "for cause," § 362(d)(1), which "is an intentionally broad and flexible concept."  *In re Froman*, 566 B.R. 641, 652–53

(S.D.N.Y. 2017).  The issue of the stay may even be raised *sua sponte*.  *In re Ladieu*, 2011 WL 748566, at *18 (Bankr. D. Vt. 2011) (collecting cases).

Measured against that body of governing law, the record is clear that Judge Littlefield acted well within the scope of his authority in finding that the automatic stay should be lifted so that the state-court matters involving Mr. King could be resolved in the appropriate state courts.

## IV.  CONCLUSION

Mr. King has not identified any factual or legal error.

Therefore, it is

ORDERED that

1.  The Order of the Bankruptcy Court is AFFIRMED; and

2.  The appeal is DISMISSED.

The Clerk of the Court is directed to close the file.

IT IS SO ORDERED.

Dated:  September 11, 2024
       Utica, New York.

David N. Hurd
U.S. District Judge